UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYPOINT HOMES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ADE FAGORALA, <br><br> Defendant. | Case No.: 12-CV-05282-YGR <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE AND DENYING APPLICATION TO PROCEED** *IN FORMA PAUPERIS* |

Defendant Ade Fagorala removed this unlawful detainer case from the Superior Court of the State of California, County of Contra Costa, on October 12, 2012. (Dkt. No. 1 (Notice of Removal).) Defendant removed this action pursuant to 28 U.S.C. sections 1441 and 1446, invoking this Court's federal question jurisdiction based on the "Federal Fair Debt Collection Practices Act" ("FDCPA") and the Fourth Amendment's "Federal Search and Seizure Rules." (Notice of Removal at 2.) Defendant also asserted that diversity jurisdiction exists. (*Id.* at 4.)

Plaintiff filed the instant Motion to Remand Case on October 25, 2012. (Dkt. No. 5 ("Motion").) Defendant did not file a response to the Motion. The Court hereby **GRANTS** the pending Motion because no federal question is presented in this action, and no diversity jurisdiction exists.[1]

Pursuant to 28 U.S.C. section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Under 28 U.S.C. section 1331, a

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for December 4, 2012.

district court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The burden of establishing federal jurisdiction is on the party seeking removal, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (internal citations omitted). Accordingly, "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* at 566. A district court *must* remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Defendant characterizes this action as one for unlawful debt collection under the FDCPA and also seeks to cross-complain based on the same. However, Defendant's claim under the FDCPA (nor the Fourth Amendment) does not create a federal question. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. *Vaden v. Discovery Bank*, 556 U.S. 49, 60 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. *Id.*; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense."). The federal question must be presented by the plaintiff's complaint as it stands at the time of removal. The record indicates that Plaintiff's state court complaint presents one state law claim for unlawful detainer under California Code of Civil Procedure section 1161. The complaint is clearly captioned as a "Complaint for Unlawful Detainer – Real Property" and does not allege any federal claims whatsoever. Defendant's allegations in the Notice of Removal cannot provide this Court with federal question jurisdiction.

Moreover, there is no diversity jurisdiction in this matter. The complaint indicates that the amount demanded does not exceed $10,000. As such, removal to federal court cannot be based on diversity jurisdiction. 28 U.S.C §§ 1441(b) & 1332(a).

For the foregoing reasons, this action is hereby **REMANDED** to the Contra Costa County Superior Court. The pending Application to Proceed *in Forma Pauperis* by Defendant (Dkt. No. 3) is **DENIED AS MOOT** based on this Order. This Order terminates Dkt. Nos. 3 & 5.

1  The Clerk of this Court is further ordered to forward certified copies of this Order and all
2  docket entries to the Clerk of the Contra Costa County Superior Court.
3  **IT IS SO ORDERED.**

5  Dated: November 14, 2012                                 _____
                                                            **YVONNE GONZALEZ ROGERS**
                                                            **UNITED STATES DISTRICT COURT JUDGE**