UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYPOINT HOMES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ADE FAGORALA, <br><br> Defendant. | Case No.: 12-CV-05282-YGR <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |

On November 14, 2012, the Court issued an Order Granting Plaintiff's Motion to Remand Case and Denying Application to Proceed *in Forma Pauperis*. (Dkt. No. 7 ("Remand Order").) The action was closed and the Clerk of this Court transmitted certified copies of docket entries and the Remand Order to the Clerk of the Contra Costa County Superior Court. (Dkt. No. 8.) Thereafter, Defendant Ade Fagorala filed an *untimely* opposition to the motion to remand, which included a counter complaint and a motion to strike the motion to remand. (Dkt. No. 9.) Defendant also filed a motion for reconsideration of the Court's Remand Order, which, in part, sought leave to permit the late-filed opposition and counter complaint. (Dkt. No. 10.)

Defendant's motion for reconsideration is improper. Pursuant to Civ. L.R. 7-9(a), "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Defendant did not seek leave of Court and instead filed the motion itself. Moreover, the Remand Order stated that the Court did not have subject matter jurisdiction, and the remand and had already occurred prior to when Defendant filed the above documents. For these reasons, the Court **DENIES** the motion for reconsideration.

Even putting aside the fact that Defendant's filings were untimely and unauthorized, the Court previously stated in its Remand Order that it did not have subject matter jurisdiction in this

action. Defendant has not provided any legal reason that there is now subject matter jurisdiction. (*See* Remand Order at 2 ("A claim 'arises under' federal law if, based on the 'well-pleaded complaint rule,' the plaintiff alleges a federal claim for relief. *Vaden v. Discovery Bank*, 556 U.S. 49, 60 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. *Id.*; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ('[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense.'). The federal question must be presented by the plaintiff's complaint *as it stands at the time of removal*.") (emphasis supplied).) Asserting new federal claims at this time does not provide federal jurisdiction.

For the foregoing reasons, Defendant's motion for reconsideration is **DENIED**, as the case was already remanded and the Court continues to lack subject matter jurisdiction. The Clerk of this Court is ordered to forward a certified copy of this Order and Dkt. Nos. 8–10 to the Clerk of the Contra Costa County Superior Court.

This Order terminates Dkt. No. 10 and this case remains closed.

**IT IS SO ORDERED.**

Dated: December 10, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**